Sawyer v. Parker.

———————◆————

ABEL SAWYER & another *vs.* GEORGE W. PARKER.

To authorize the court to declare a chattel mortgage, not stamped as required by the U. S. Stat. of 1866, c. 184, § 9, to be "invalid and of no effect," it must affirmatively appear that the omission was the result of an "intent to evade" the statute.

A chattel mortgage was executed Oct. 4, 1867, insufficiently stamped, and recorded. On the 16th of the same month the mortgaged chattels were attached by the creditors of the mortgager. On the 25th following, the mortgage was re-stamped by the collector, and the record corrected Jan. 30, 1869. In replevin by the mortgager. *Held,* that in the absence of evidence that the omission to properly stamp the mortgage in accordance with c. 184, § 9, was the result of an "intent to evade" the statute, the mortgage was deemed valid, and that the attachment was invalid, although made before the mortgage was re-stampe d

ON REPORT.

REPLEVIN for a kiln of brick. Writ dated Oct. 26, 1867. Plea, general issue and joinder, with a brief statement justifying the taking as sheriff of the county, by virtue of certain writs of attachment against one Vital Cassant, whose property the bricks were alleged to be.

The plaintiffs introduced a mortgage of the bricks in controversy, from Vital Cassant to themselves, reciting a consideration of eight hundred dollars. It appeared that when the mortgage was executed and recorded, it bore a single fifty cent United States internal revenue stamp. A certificate of the following tenor was written upon the mortgage, and dated Oct. 25, 1867, viz.:

" Having been made satisfied by the affidavit of James O'Donnell,

Sawyer v. Parker.

Esq., that the omission to place the proper stamp upon the instrument at the time it was signed was accidental, and without intention to defraud the government, I have placed the proper stamp thereon.

NATH'L J. MILLER,
*Collector of Int. Rev., 1st Dist., Maine.*"

This certificate was noted on the mortgage record, Jan. 30, 1869.

It also appeared that the defendant was, Oct. on 22, 1867, duly served with a written statement of the plaintiffs' claim under the mortgage, with a request to pay the claim or release the attachment.

It also appeared that the plaintiffs took possession of the bricks on the day following the execution of the mortgage, and retained the same until the attachment, when a keeper was placed over the bricks by the defendant.

The defendant established the facts alleged in his brief statement.

After the testimony was all in, the case was withdrawn from the jury, continued on report, with an agreement that the full court might enter such judgment as the law and facts would warrant.

*Howard & Cleaves*, for the plaintiffs, cited *Wolfe* v. *Dorr*, 24 Maine, 104; *Smith* v. *Smith*, 24 Maine, 555. On the question of stamping, *Carpenter* v. *Snelling*, 97 Mass. 455; *Hunter* v. *Cobb*, 1 Bush. (Ken.), 239; U. S. Rev. act of 1867, § 158; 4 Am. Law Register, 571; *Tripp* v. *Bishop*, 56 Penn. 430; *Beebe* v. *Hutton*, 47 Barb.; Am. Law Reg. March, 1869; 5 Am. Law Reg. 241.

*Shepley & Strout*, and *C. P. Mattocks*, for the defendant, contended that

The rights acquired under the attachment could not be disturbed by the subsequent stamping of the mortgage. U. S. statute of 1866, c. 184, § 9. The case is distinguished from *Dudley* v. *Wells*, 55 Maine, 145, decided under U. S. statute of 1865, c. 78, § 158, which did not protect subsequently accruing rights of innocent third parties, as does the last clause of c. 184, § 9. *Tobey* v. *Chipman*, 13 Allen, 127.

DICKERSON, J. The stamp put upon the mortgage before it was

recorded was insufficient, but the requisite stamp was affixed to it by the collector of the revenue for the district, after it was recorded, and the attachment of the mortgaged goods had been made. Act of congress of July 13, 1866, § 9.

We have decided that the act of congress of March 3, 1865, c. 78, § 158, does not make an unstamped instrument which requires a stamp "invalid and of no effect," unless there is an "intent to evade the provisions of the act;" and that such intent must be made to appear affirmatively, or the instrument will be held valid. *Dudley* v. *Wells*, 55 Me. 145.

The language of the act amendatory of the act of 1865, approved July 13, 1866, upon this point, is identical with that of the act of 1865.

In the case at bar there is not only no evidence of an intent to evade the provisions of the act of congress, but the fact that the requisite stamp was subsequently affixed by the collector, negatives such intent.

Under these circumstances it becomes immaterial whether the creditors of the mortgager attached the mortgaged property between the time of the execution and delivery of the mortgage, and the affixing of the requisite stamp, as the instrument was valid without that stamp.

The last clause of the act of congress of 1866, amendatory of § 158 of the act of 1865, relates to the stamping of the instrument by the collector, and does not render an unstamped instrument invalid when there was no "intent to evade the act of congress" by omitting to affix the proper stamp to it.

The mortgage was duly executed and recorded, and, besides, the plaintiff held possession of the goods replevied at the time of the attachment. · *Judgment for the plaintiff*.

APPLETON, C. J.; CUTTING, and DANFORTH, JJ., concurred.
BARROWS and TAPLEY, JJ., concurred in the result.